Xuefeng LIU, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73410.
Agency No. A75–696–339.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 10, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Anh–Thu P. Mai, Washington, DC, for Respondent.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Xuefeng Liu, a 39–year–old native and citizen of the People's Republic of China, petitions for review of a final order of the Bureau of Immigration Appeals ("BIA"), which affirmed, without opinion, the Immigration Judge's ("IJ's") decision to deny his application for asylum. We thus review the IJ's decision as the final agency determination, 8 C.F.R. § 1003.1(a)(7), and grant the petition.

The IJ denied Liu's application for asylum based on an adverse credibility finding. We review this finding under the substantial evidence standard, and it must be upheld "unless the evidence presented compels a reasonable factfinder to reach a contrary result." *De Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997)(internal citations omitted). Liu's asylum claim was based upon his practice of Falun Gong, a spiritual movement which was declared a cult and banned by the Chinese government in 1999. While Liu was in the United States on business, his wife, with whom he co-founded a Falun Gong training center, was arrested and imprisoned for two years in 1999 for her practice of Falun Gong.

Although Liu testified consistently about his involvement with Falun Gong, as well as that of his wife, the IJ found his testimony not credible, chiefly because of a single discrepancy regarding the date on which Liu's wife was sent to prison. Even though Liu was speaking through a translator, immediately corrected the error, and testified consistently thereafter, the IJ nevertheless discredited all of Liu's testimony based on this slip of the tongue.

It is well settled that "discrepancies in dates which reveal nothing about an asylum applicant's fear of his safety are minor inconsistencies that cannot form the basis of an adverse credibility finding," *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000)(internal citations omitted); *see also Wang v. Ashcroft,* 341 F.3d 1015, 1022 (9th Cir.2003); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988). Liu's fear of persecution is based upon his devout practice of Falun Gong and his wife's imprisonment, none of which is remotely contingent upon the date his wife was sent to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prison. As this minor discrepancy reveals nothing about Liu's fear of persecution if returned to China and cannot be seen as an "attempt[ ] by the applicant to enhance his claims of persecution," *Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986), we find it is insufficient to support the IJ's adverse credibility finding.

■ To a far lesser extent, the IJ also rested her adverse credibility determination on Liu's failure to provide corroborating evidence such as the Falun Gong materials he sent to his wife in China. Although proof of corroborating evidence may be required when an applicant's credibility is questioned, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000), the IJ may only look to "material, easily available corroborating evidence." *Id.* Not only have we previously found that "it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives ... living outside the United States," *Id.* at 1091–92, there is no possible way Liu could have obtained the corroborating evidence demanded by the IJ because the materials he had sent were confiscated by the Chinese authorities when they arrested Mrs. Liu. Mrs. Liu was unavailable to provide an affidavit because she had been sent to jail. Therefore, the IJ was not entitled to base her adverse credibility determination upon the lack of this corroborating evidence.

Because substantial evidence does not support the IJ's adverse credibility finding, we grant Liu's petition and remand so that the BIA may determine whether, tak-

ing Liu's testimony to be true, he is otherwise eligible for asylum.[1]

**PETITION GRANTED AND RE-MANDED.**

1. On appeal, Liu did not raise his claims for withholding of deportation and relief under the Convention Against Torture, and thus is deemed to have waived them before us. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259

(9th Cir.1996). However, we note that he did raise these claims before the BIA and therefore, may assert them when he returns to the BIA.